UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LEOSBANY SERRANO; REIDEL
SERRANO,

　　　　　*Plaintiffs-Appellants,*

v.

BEST ROOFING TECHNOLOGY,
INCORPORATED,

　　　　　*Defendant-Appellee.*

No. 01-2507

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-00-62-5-F)

Submitted: June 26, 2002

Decided: July 12, 2002

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Joseph Cartolano, LAW OFFICES OF JOSEPH CARTOLANO,
P.A., Miami, Florida, for Appellants. James C. Dever, III, Terence D.
Friedman, MAUPIN, TAYLOR & ELLIS, P.A., Raleigh, North Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellants Leosbany Serrano and Reidel Serrano are Cuban natives who formerly worked as roofing technicians for Best Roofing Technology, Inc. (BRTI). In their civil action against BRTI, Appellants alleged national origin discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e (West 1994 & Supp. 2001), and the district court granted BRTI's motion for summary judgment. The district court concluded the Serranos failed to establish a prima facie case of hostile work environment based on racial discrimination, and even if they could, BRTI established an affirmative defense under *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Appellants appealed, and we affirm.

We review a district court's order granting summary judgment de novo and view the facts in the light most favorable to the nonmoving party. *Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The Serranos assert their supervisor created a hostile work environment and discriminated against them because they are Cuban. To establish a hostile work environment claim, a employee is required to

prove: (1) he was harassed based on race; (2) the harassment was unwelcome; (3) harassment was sufficiently severe or pervasive to alter the employee's conditions of employment and to create an abusive work environment;[1] and (4) some basis exists to impute liability on the employer. *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 772 (4th Cir. 1997). The Serranos' wholly conclusory allegations concerning an alleged hostile work environment are neither severe nor pervasive enough to support such a claim.[2] Therefore they failed to establish a prima facie case of hostile work environment. In addition, BRTI is shielded from liability under the *Ellerth/Faragher* affirmative defense, even if the Serranos had demonstrated a prima facie case. As the district court concluded, BRTI established that it took reasonable care to prevent and to promptly correct any unlawful discrimination and the Serranos failed to take full advantage of BRTI's personnel procedures to avoid harm. *See Ellerth*, 524 U.S. at 715; *Faragher*, 524 U.S. at 807.

We therefore affirm the district court's order based on the reasoning of the district court. *See Serrano v. Best Roofing Tec., Inc.*, No. CA-00-62-5-F (E.D.N.C. Nov. 28, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[1]*Harris v. Forklift Sys. Inc.*, 510 U.S. 17 (1993) (environment must be both objectively and subjectively hostile in order to make out hostile work environment claim under Title VII).

[2]To determine whether the harassment is severe enough to create a hostile work environment, a court should consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether it resulted in psychological harm. *Harris*, 510 U.S. at 23; *Conner v. Scharader-Bridgeport, Int'l, Inc.*, 227 F.3d 179, 193 (4th Cir. 2000).